```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
                              :
**DAVID WHITFIELD,**          :
                              :
        **Plaintiff,**        :
                              :  **Civil Action**
    v.                        :  **No. 04-0679 (GK)**
                              :
**UNITED STATES DEPARTMENT**  :
 **OF THE TREASURY**, **et al.**, :
                              :
        **Defendants.**       :
_____:


## MEMORANDUM OPINION

Plaintiff, David Whitfield, brings this action pro se against the United States Department of the Treasury ("DOT"), the Internal Revenue Service ("IRS"), and numerous individual Defendants[1] under the Freedom of Information Act, 5 U.S.C. § 552 (2000) ("FOIA"), and the Privacy Act, 5 U.S.C. § 552(a) (2000) ("PA").

This matter is now before the Court on Defendants' Motion for Summary Judgment, [#17].  Upon consideration of the Motion, Opposition, Reply, Supplement to the Reply, Surreply and the entire record herein, and for the reasons discussed below, Defendants'

---

[1] Plaintiff also named John Snow, Secretary of the DOT, and IRS employees Ted F. Brown, Jose I. Marrero, Ross C. Lawson, Angelo Troncoso, Frank P. DeRosa, M.P. Maloney, Lloyd West, Jr., Melanie Romano, Richard L. Behm, Kevin H. Font, Maria E. Magers Roberts, and Maria Twarog.  Plaintiff concedes in his Opposition that these individuals are not proper Defendants.  Pl.'s Opp'n at 6. Accordingly, the individual Defendants are dismissed from this action.

Motion is **granted**.

## I.  BACKGROUND[2]

Plaintiff filed four FOIA/PA requests with the IRS. On August 26, 2002, he submitted his first request, seeking all information and documents relating to him that were created, maintained, obtained, and disseminated by IRS Special Agent Frank P. DeRosa, the IRS's Criminal Investigation Division ("CID") and the DOT, as well as DeRosa's appointment affidavit and verification of employment. Compl. ¶ 36. By letter dated September 26, 2002, the IRS informed Plaintiff that there were no documents responsive to his request. Defs.' Mat. Facts ¶ 4. Plaintiff did not appeal this determination. Defs.' Mat. Facts ¶ 5.

On August 27, 2002, Plaintiff filed a second FOIA/PA request, which was the same as his first request, but with respect to IRS Special Agent Angelo Troncoso. Compl. ¶ 37. By letter dated November 22, 2002, the IRS informed Plaintiff that there were no documents responsive to his second request. Defs.' Mat. Facts ¶ 34. Plaintiff filed an appeal of this determination on December 19, 2003. Id. ¶ 35.

On May 20, 2003, Plaintiff sent a letter to Special Agent Troncoso requesting the status of purported bank accounts in Mexico

---

[2]  Summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Consequently, unless otherwise noted, the Court states only uncontroverted facts.

and records to support claims Troncoso allegedly made in court against Plaintiff.[3]  Compl. ¶ 39.  By letter dated June 16, 2003, the IRS informed Plaintiff that there were no documents responsive to this third request.  Defs.' Mat. Facts ¶ 43.  Plaintiff appealed this decision on July 2, 2003.  Id. ¶ 44.

On May 21, 2003, Plaintiff filed a fourth request for documents referencing his name for certain tax years.  Compl. ¶ 40.  Again, the IRS informed him that there were no responsive documents, and Plaintiff appealed on July 2, 2003.  Defs.' Mat. Facts ¶¶ 48-49.

After exhausting his administrative remedies, Plaintiff filed this action on April 26, 2004, seeking to compel all documents responsive to his requests.  On October 1, 2004, Defendants released Special Agent DeRosa's and Special Agent Troncoso's appointment affidavits in full.  Defs.' Mat. Facts ¶¶ 23-24, 37-38; Defs.' Mot., O'Leary Decl. ¶¶ 16-20, Genis Decl. ¶ 3.  They subsequently filed this Motion for Summary Judgment.

When Defendants filed the instant Motion, they had released only the appointment affidavits, which at that time were the only responsive documents they had located.  During the course of this lawsuit, however, Plaintiff received notice from the Executive Office of the United States Attorneys ("EOUSA") regarding

---

[3]  Although this letter was not a proper FOIA request, Defendants treated it as one.  Defs.' Mat. Facts ¶ 40.

3

responsive documents maintained in its files.  See Pl.'s Opp'n, Ex. 13.  The EOUSA released some documents, withheld others pursuant to FOIA exemptions, and informed Plaintiff that 60 pages were being referred to the IRS, which would then direct a response to him.  Id.

Defendants initially asserted in their Reply to Plaintiff's Opposition to the Motion that they were not obligated to release these 60 pages to Plaintiff because they were created and maintained by the United States Attorney's Office ("USAO").  They stated that Special Agents DeRosa and Troncoso had been assigned to assist the USAO in a criminal investigation of Plaintiff involving alleged wire and mail fraud and money laundering activities under Titles 28 and 31 of the United States Code.  Defs.' Reply at 2.  Defendants explained that unless an investigation arises under Title 26 of the Internal Revenue Code, "the [IRS's] case files are sent to the [USAO] and maintained in their office and not by the [IRS]."  Defs.' Mot., Thornton Decl. ¶ 6; see also Defs.' Reply at 2; Defs.' Mot., DeRosa Decl. ¶ 4, Troncoso Decl. ¶ 4.  Accordingly, Defendants sent the documents back to the EOUSA for processing when they received them.  Defs.' Reply at 2-3 & n.2; Defs.' Mot., Genis Decl. Ex. A.

Defendants later determined that they had, in fact, generated the USAO documents.  Supplement to Reply at 1.  Upon so learning, they released 47 pages to Plaintiff and withheld the remaining 13

pages under FOIA Exemptions 7(C) and 7(E) as documents compiled for law enforcement purposes.[4]

## II. STANDARD OF REVIEW

FOIA "requires agencies to comply with requests to make their records available to the public, unless the requested records fit within one or more of nine categories of exempt material." Oglesby v. United States Dep't of the Army, 79 F.3d 1172, 1176 (D.C. Cir. 1996) (citing 5 U.S.C. § 552(a), (b)).  An agency that withholds information pursuant to a FOIA exemption bears the burden of justifying its decision, Petroleum Information Corp. v. United States Dep't of the Interior, 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citing 5 U.S.C. § 552(a)(4)(B)), and where necessary, must submit an index of all materials withheld. Vaughn v. Rosen, 484 F.2d 820, 827-28 (D.C. Cir. 1973).

In a FOIA case, the court may award summary judgment solely on the basis of information provided in affidavits or declarations submitted by the government when they (1) "describe the documents and the justifications for nondisclosure with reasonably specific detail"; (2) "demonstrate that the information withheld logically

---

[4] It seems that Plaintiff is not contesting the circumstances surrounding the processing of the USAO documents.  In his Surreply, Plaintiff fails to address the released USAO documents or to challenge the Defendants' withholding of certain documents under FOIA exemptions.  The only point he continues to argue is that he is entitled to discovery and the reasonable costs associated with this action.

falls within the claimed exemption"; and (3) "are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see also King v. United States Dep't of Justice, 830 F.2d 210, 217 (D.C. Cir. 1987).

The district court reviews de novo the government's withholding of a requested document under any of FOIA's exemptions. 5 U.S.C. § 552(a)(4)(B).

**III. ANALYSIS**

   **A.   Defendants Conducted an Adequate Search for Documents Responsive to Plaintiff's FOIA/PA Requests**

Defendants argue summary judgment should be granted because they have conducted a reasonable search for responsive documents in the main IRS databases and in Special Agents DeRosa and Troncoso's own files and that they have released all non-exempt responsive documents to Plaintiff.  Defs.' Mot. at 8-9.  Plaintiff argues in response that the late discovery of the USAO documents establishes that Defendants' search was inadequate.

      **1.   The Relevant Law**

An agency's search is measured by "whether [it] was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant."  SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (internal citations omitted); see also Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  A search is not unreasonable simply

because it does not produce all relevant materials. Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986). Moreover, the agency is not "required to recreate or to reacquire a document it no longer has." SafeCard Servs., 926 F.2d at 1201.

An agency responding to a FOIA request must search for documents in good faith and use methods that can be reasonably expected to produce the requested information. See Campbell v. Dep't of Justice, 164 F.3d 20, 27 (D.C. Cir. 1998) (citing Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990)). Agency affidavits are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." Safecard Servs., 926 F.2d at 1200 (internal quotation and citation omitted). Affidavits that explain the scope and method of the search in reasonable detail are sufficient. Meeropol, 790 F.2d at 952; Weisberg, 705 F.2d at 1351 (internal citations omitted).

Finally, it is adequate to search through general indices, such as those maintained on computer systems. See Jiminez v. FBI, 938 F. Supp. 21, 26 (D.D.C. 1996) (agency search of primary computer records system was sufficient); Master v. FBI, 926 F. Supp. 193, 196-97 (D.D.C. 1996) (agency search of general indices was sufficient).

### 2. The Adequacy of Defendants' Search

#### a. The Searches Conducted[5]

Defendants attached to their Motion several employee affidavits that explain the searches they conducted. Regarding Plaintiff's second request, which sought all documents relating to him that were created, maintained, obtained, and disseminated by Special Agent Troncoso, the IRS's Criminal Investigation Division ("CID") and the DOT, Defendants submitted the sworn affidavit of IRS Disclosure Specialist Cecilia Dorsey.

Dorsey attested that she searched the Integrated Data Retrieval System ("IDRS"), the IRS's primary database for researching taxpayer account information submitted by the taxpayer or by third parties, for any accounts related to Plaintiff. See Defs.' Mot., Dorsey Decl. ¶ 6. Retrieving an account on IDRS leads

---

[5] With respect to Plaintiff's first request, Defendants submitted the sworn declaration of James O'Leary, an attorney with the IRS's Office of Assistant Chief Counsel (Disclosure and Privacy Law), which is responsible for advising and assisting the Department of Justice in defending against cases filed under FOIA. Defs.' Mot, O'Leary Decl. ¶¶ 1-2. O'Leary attests that "as of the date of [his] declaration, Plaintiff ha[d] not filed an administrative appeal" for his first FOIA/PA request. Id., ¶ 6. Plaintiff fails to sufficiently rebut O'Leary's sworn statement. Although Plaintiff claims he exhausted his administrative remedies with respect to all of his requests, the exhibits he refers to in support of his argument do not even reference his first FOIA/PA request. Accordingly, because Plaintiff failed to exhaust his administrative remedies with respect to his first request, his claims related to that request must be **dismissed**. Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990) ("Courts have consistently confirmed that the FOIA requires exhaustion of [the administrative] appeal process before an individual may seek relief in the courts.").

to the locations of tax returns and other documents. Id. Accounts can be retrieved using search terms such as the taxpayer's last name or social security number. Id. In this case, the search terms used were Plaintiff's social security number and the command codes IMFOL and INOLE. The IMFOL command code "provides nationwide entity and tax data posted to the Individual Master File including basic identifying information, audit history, and return status." Id., Dorsey Decl. ¶ 7. The INOLE command code provides "a display of entity information under the selected Taxpayer Identification Number (TIN)." Id. This search revealed no documents responsive to Plaintiff's second request. Id.

Dorsey then asked IRS Compliance Support Assistant Donna Deal in the Criminal Investigation section to search CIMIS, the IRS's continually updated database for ongoing and closed criminal tax investigations worldwide. Deal informed Dorsey that Plaintiff's criminal case had been assigned to Special Agent Troncoso. Id., Dorsey Decl. ¶¶ 8-9.

Dorsey contacted Special Agent Troncoso and asked him to search his own files, but he did not find anything responsive to Plaintiff's request. Id., Dorsey Decl. ¶¶ 10-11, Troncoso Decl. ¶ 4. Troncoso informed Dorsey that any existing files on Plaintiff's non-tax related crimes would be maintained by the USAO. Id., Troncoso Decl. ¶ 4.

With respect to Plaintiff's third request, which sought

9

information and documents concerning statements Special Agent Troncoso had allegedly made during Plaintiff's criminal trial, Defendants assert that "the Service had already searched its CIMIS files with respect to plaintiff's prior FOIA request, and had determined that the criminal investigation was a non-tax case, conducted by the United States Attorney's Office, about which the Service maintained no files whatsoever." Defs.' Mot. at 8. Both Special Agent Troncoso and Special Agent DeRosa attest under oath to this fact. Troncoso Decl. ¶ 4; DeRosa Decl. ¶ 11. Based on this information, Defendants concluded there were no documents responsive to Plaintiff's request.

Finally, with respect to Plaintiff's fourth request, which sought documents referencing his name for tax years 1994 through 2003, Defendants submitted the affidavit of Melanie A. Romano, who is a Senior Disclosure Specialist with the IRS. Romano attests under oath that she searched IDRS using Plaintiff's name and social security number, and no responsive documents were located. Defs.' Mot., Romano Decl. ¶¶ 9, 10.

**b.   Analysis**

The affidavits submitted explain which databases were searched, the documents maintained in those databases, the search terms used, who performed the searches, and the ultimate results of the searches. There is nothing in the record to contradict the facts contained in the affidavits. Moreover, Defendants went

10

beyond the search of general indices, which is normally adequate, see Master, 926 F. Supp. at 196-97, and sought responsive documents from individual government employees.

Plaintiff contends that Defendants' search was inadequate because they should have known about the USAO documents by searching a list they allegedly maintain on documents disseminated to other agencies.[6]  Pl.'s Opp'n at 8.

Even if such a list existed, Defendants are not required to conduct an exhaustive search – only one reasonably calculated to reveal responsive documents.  See Defenders of Wildlife, 311 F. Supp. 2d at 54 ("The agency need not search every record in the system or conduct a perfect search.").

The Court acknowledges that Defendants changed their position regarding who created the USAO documents.  However, there is no evidence that they acted in bad faith.  Goland v. CIA, 607 F.2d 339, 355 (D.C. Cir. 1978) (holding that the agency's delay in releasing documents alone does not indicate an absence of good faith).  Indeed, Defendants conceded their mistake, and corrected their error by disclosing the responsive documents to Plaintiff. See Meeropol, 790 F.2d at 952-53 (holding that the agency's "earlier intransigence ought not count against [Defendants] if their later behavior was characterized by cooperation" and they

---

[6] Plaintiff provides no evidence to support the existence of this list.

"admit and correct error when error is revealed").

Accordingly, the Court concludes that Defendants fulfilled their FOIA obligations by conducting searches "reasonably calculated to discover the requested documents." SafeCard Servs., 926 F.2d at 1201 (internal citations omitted).

### B. Defendants Properly Withheld Documents Under FOIA Exemptions 7(C) and 7(E)[7]

#### 1. Defendants Properly Withheld Two Pages of Responsive Documents Under FOIA Exemption 7(C)

Exemption 7(C) allows an agency to withhold records if (1) they were compiled for law enforcement purposes, and (2) their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); see also FBI v. Abramson, 456 U.S. 615, 622-23 (1982); Mays v. Drug Enforcement Admin., 234 F.3d 1324, 1327 (D.C. Cir. 2000).

In this Circuit, in evaluating an agency's withholding under Exemption 7(C), the Court must conduct a balancing test between the public interest in disclosure and the privacy interest of the individuals named in the withheld records. See SafeCard Servs., 926 F.2d at 1205; Mays, 234 F.3d at 1327. This Circuit has adopted a categorical rule which allows an agency to withhold information

---

[7] Although the Court addresses the propriety of Defendants' withholdings under FOIA Exemptions 7(C) and 7(E), Plaintiff did not specifically challenge this aspect of Defendants' processing of his FOIA/PA requests.

identifying suspects, witnesses, and investigators mentioned in law enforcement records, unless disclosure is "necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity." SafeCard Servs., 926 F.2d at 1205-06; see also Schrecker v. U.S. Dep't of Justice, 349 F.3d 657, 661 (D.C. Cir. 2003).

In the instant case, Defendants withheld two pages, Documents 7 and 8, under Exemption 7(C).[8] O'Leary attested that these pages consist of a letter from the FBI to the IRS during its criminal investigation of Plaintiff and an attachment thereto. Supp. to Defs.' Reply, Supp. O'Leary Decl. ¶ 10. According to Defendants' descriptions of the documents, they were clearly compiled for law enforcement purposes. O'Leary also attests that the documents contain the names of witnesses, individuals and law enforcement officers, thus falling into Exemption 7(C)'s broad protection of individuals' privacy rights. Supp. to Defs.' Reply, Supp. O'Leary Decl. ¶ 10.

In further support of the withholding of these documents, Defendants assert that the public interest would not be served by disclosure because they do not shed light on the IRS's conduct. Supp. to Defs.' Reply at 3-4; Supp. O'Leary Decl. ¶ 10.

There is no evidence in the record to contradict Defendants'

---

[8] Defendants note that the IRS is a mixed-function agency, with both law enforcement and administrative functions, which can assert Exemption 7. Supp. to Defs.' Reply at 3 n.1.

13

assertions. In addition, there is no evidence to suggest disclosure would be in the public interest. Accordingly, the Court concludes that Defendants properly withheld Documents 7 and 8 under FOIA Exemption 7(C).

### 2. Defendants Properly Withheld 11 Pages of Responsive Documents Under FOIA Exemption 7(E)

Exemption 7(E) allows an agency to withhold records if (1) they were compiled for law enforcement purposes, and (2) the documents contain information relating to "techniques and procedures for law enforcement investigations or prosecutions" or the relevant guidelines, such that disclosure could "reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Those techniques and procedures that are already publicly known are not protected under Exemption 7(E). See Ray v. Turner, 587 F.2d 1187, 1221 n.89 (D.C. Cir. 1978) (quoting H.R. Rep. No. 93-1380, 93d Cong., 2d Sess. 12 (1974)).

O'Leary describes the withheld documents in his sworn affidavit: Documents 15-21 are Arrest Plan and Arrest Information documents detailing the "arrest location, the staging area, equipment, and the law enforcement personnel involved in the plaintiff's arrest," Supp. to Defs.' Reply, Supp. O'Leary Decl. ¶ 7a; Documents 25 and 26 are a Risk Assessment Guide analyzing various risk factors, including the level of risk involved in Plaintiff's arrest, id. ¶ 7b; and Documents 33 and 34 are a Criminal Investigation Arrest Checklist describing the law

14

enforcement procedures and strategy for conducting an arrest, <u>id.</u> ¶ 7c.

O'Leary attests under oath that disclosure of these documents would reveal the IRS's law enforcement strategy for apprehending suspects and protecting the safety of officers, the public and criminal suspects. Supp. to Defs.' Reply at 4-5; Supp. O'Leary Decl. ¶ 8. More specifically, O'Leary attests that release of these documents would "provide the target of a criminal investigation with information which would help him or her to elude capture." Supp. O'Leary Decl. ¶ 8.

These assertions establish that the 11 pages withheld under Exemption 7(E) were compiled for law enforcement purposes and that their disclosure could reveal "techniques and procedures for law enforcement investigations or prosecutions" which could lead to "circumvention of the law."

Defendants' assertions on these points are uncontroverted and there is nothing in the record to suggest they were not made in good faith. Accordingly, Defendants properly withheld these documents under Exemption 7(E).

**C.  Defendants Have Released All Reasonably Segregable Information[9]**

With respect to documents withheld under an exemption, FOIA requires that any "reasonably segregable information" must be disclosed after deletion of the exempt information, unless the non-exempt information is "inextricably intertwined" with the exempt portions.  Mays, 234 F.3d at 1327 (internal citation omitted); 5 U.S.C. § 552(b).  To demonstrate that all reasonably segregable information has been released, the agency need only show with "reasonable specificity" why a document cannot be further segregated.  Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996).  The agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content."  Mead Data, 566 F.2d at 261 n.55.

In the instant case, O'Leary attests under oath that the non-exempt portions of the 13 withheld documents are "so inextricably intertwined with the exempt portions that a redaction would leave only meaningless words and phrases."  Supp. to Defs.' Reply, Supp. O'Leary Decl. ¶ 10.  There is nothing in the record to contradict

---

[9]  Although Plaintiff does not specifically challenge Defendants' claim that they have produced all reasonably segregable information, the Court is required to raise the issue sua sponte. Billington v. U.S. Dep't of Justice, 233 F.3d 581, 586 (D.C. Cir. 2000).

his assertion or to suggest it was made in bad faith. Accordingly, Defendants have met their burden to establish that they provided Plaintiff with all reasonably segregable information.

### D. Plaintiff Is Not Entitled to Discovery

Discovery is "generally inappropriate" in FOIA cases. Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003); Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) (quoting Ctr. for Nat'l Sec. Studies v. Office of Indep. Counsel, No. 91-1691, slip op. at 3 (D.D.C. Mar. 2, 1993)).

Plaintiff contends that discovery is warranted in this case because Defendants changed their position with respect to which agency created the USAO documents. As explained above, Defendants explained why they made a mistake on this issue. Their explanation is reasonable, and their prompt release of the non-exempt USAO documents cured their error.

Moreover, the Court has concluded that Defendants' searches in response to each of Plaintiff's requests were adequate and that Defendants released all non-exempt responsive documents to Plaintiff. Accordingly, additional discovery is not warranted in this case.

### E. Plaintiff Is Not Entitled to Reasonable Costs or Compensatory Damages

Plaintiff asks the Court to award him reasonable costs and compensatory damages in the amount of $20,000. Compl. ¶ 49e.

FOIA Section 552(a)(4)(E) permits the Court to assess

attorney's fees and other reasonable costs where the complainant has "substantially prevailed."  4 U.S.C. § 552(a)(4)(E).  Since Plaintiff has not prevailed in this action, he is not entitled to an award of reasonable costs.

Finally, Plaintiff's request for damages would fail even had Plaintiff substantially prevailed, because "FOIA provides requesters with the potential for injunctive relief only." Johnson v. Exec. Off. of U.S. Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002).

**IV.  CONCLUSION**

For the reasons stated herein, Defendants' Motion for Summary Judgment, [#17], is **granted** and this case is **dismissed.**  An Order will issue with this Opinion.


August 21, 2006
/s/
Gladys Kessler
United States District Judge

**Copies To:  Attorneys of record via ECF and**

**David Whitfield**
**R38297-018**
**Coleman Federal Correctional Complex Low**
**P.O. Box 1031**
**A-3**
**Coleman, FL 35521**